UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

RECEIVED & FILED
'00 NOV 30 PM 12: 0
CLERK'S OFFICE
U S DISTRICT COURT
SAN JUAN P R

ANTONIO CORDOVA GONZALEZ,

    Plaintiff

v.                                    Civ. No. 97-1672(PG)

UNITED STATES OF AMERICA,

    Defendant

## OPINION AND ORDER

Before the Court is the U.S. Magistrate Judge's Report and Recommendation concerning petitioner Cordova Gonzalez's motion to vacate sentence under 28 U.S.C. § 2255 (Dkt. 75). Petitioner filed timely objections to the report and recommendation. (Dkt. 79, 81).

On November 30, 1994, the Grand Jury returned a nineteen-count indictment against petitioner and eight other co-defendants (Crim. No. 94-374 (PG). Petitioner was charged in fourteen of counts. On May 26, 1995, pursuant to a plea agreement, petitioner filed a petition to enter a guilty plea as to Counts 4, 5, 7 and 8[1]. On June 1, 1995, this Court accepted petitioners guilty plea as to all four counts. (Crim. No. 94-347(PG).

On October 20, 1995, petitioner was sentenced to a concurrent term of imprisonment of 108 months as to Counts 4, 5, 7 and 60 months as to Count 8. Concurrent supervised released terms of 4 years as to Counts 4, 5 and 7, and 3 years as to Count 8 were also imposed. The Court dictated a $15,000 fine in addition to the mandatory $200 special monetary assessment required by law.

---

[1] In Count 4, petitioner was charged with the distribution of 250 grams of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In count 5, petitioner was charged with the importation of 300 of marihuana in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2. In Count 7. petitioner was charged with possession with the intent to distribute 300 kilograms of marihuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In Count 8, petitioner was charged with the unlawful possession of a firearm with an obliterated serial number and shipped in interstate commerce to the District of Puerto Rico in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B) and 2.



AO 72A
(Rev.8/82)

Civil No. 97-1672                                                                                                              Page 2

Petitioner appealed his sentence on the sole ground that the court had committed plain error in imposing the $15,000 fine. On November 18, 1995 the appeal was denied. See United States v. Córdova-González, 101 F.3d 106 (1st Cir. 1996).

Petitioner then filed the present habeas corpus motion alleging: (1) Improper enhancement of his sentence under U.S. Sentencing guidelines (hereinafter "the guidelines") § 3B1.1; (2) improper enhancement of his sentence under § 2D1.1 (b)(1) of the guidelines; (3) incorrect calculation of the amount of the quantity of drugs; (4) improper grouping of Counts four, five, seven and eight under § 3D1.2; (5) bias and vindictiveness by the government and the court; (6) failure to grant a downward departure in his sentence; (7) imposition of an excessive fine and (8) ineffective assistance of counsel. Successive amendments supplementing the original § 2255 motion were filed[2]. (Dkts 32, 37, 38, 48, 53, 58 and 63, 72, 86, 92-2). On March 16, 1998, the US Government filed a reply to the petition (Dkt. 31).

The Magistrate Judge recommendation is that petitioners motion be denied in its entirety. (Dkt. 75). Petitioner objects on the grounds that the Magistrate findings are "erroneous and inherently incredible". Because the Court finds that petitioner's objections are unfounded, the Magistrate's Report and Recommendation is **Approved** and **Adopted** *in toto*. The Magistrate's Report is well reasoned and grounded on the facts and the law. Petitioner's motion is **denied in its entirety**. Accordingly, his 28 U.S.C. § 2255 petition is **DISMISSED**.

**IT IS SO ORDERED**

San Juan, Puerto Rico _November 28_, 2000

Juan M. Pérez-Giménez
U.S. District Judge

---

[2] Even though Petitioner calls some of these motions "motion for summary judgment", the court interprets them as motions supplementing his original § 2255 motion. This opinion and order serves as the final adjudication of the original § 2255 motion and all other motions supplementing the original motion. Namely, Dkts 32, 37, 38, 48, 53, 58, 63, 72, 86 and 92-2).